HENRY S. MOORE, *Plaintiff in Error*,

*vs.*

SUSAN RAND, Administratrix of the estate of Stephen
S. Rand, deceased, *Defendant in Error.*

ERROR TO THE IOWA CIRCUIT COURT.

In case of the death of a party while the suit is pending, the executor or
administrator may appear, (the death having been suggested on the re-
cord,) and take upon himself the prosecution or defence of the suit.

No order of the court for the revival of the suit is necessary. The statute
empowers the executor or administrator to appear, upon the sugges-
tion on the record of the death of the party; and though such order had
been made by the court, it would not render the subsequent appearance
of the administrator irregular.

After an appearance has been entered by the administrator, in pursuance
of the statute, his right to appear must be proved in the same manner
as though he had originally commenced the suit; but he cannot be re-
quired to prove it before he becomes a party.

This was an action of trespass to the person, insti-
tuted by Stephen S. Rand against the plaintiff in error.

The declaration was filed Sept. 18, 1850. On the
24th October, 1850, the pleas of the general issue, and
*son assault demesne*, were interposed by the defendant.

On the first plea an issue was made up. On the 2d
plea no issue was ever made up or default taken.

On the 20th October, 1851, plaintiff, by his attor
ney, suggested the death of the plaintiff, and the court
ordered that the plaintiff have leave to revive his suit
upon the appointment of an administrator.

On the 23d day of February, 1852, plaintiff's attor-
ney gave notice that the suit had been revived in the
name of Susan Rand, administratrix, and that the
plaintiff would insist upon a trial at the April term,
1852.

April 9th, 1852, defendant moved for a continuance on the ground that there had been no revival of the cause. The motion was overruled. The defendant then resisted a trial at that time, but the court ordered a trial. The defendant's counsel declined trying the cause at that time; the court ordered an *ex parte* trial. The jury returned a verdict of $5,000, and the court rendered a judgment thereon, to reverse which this writ of error is brought.

*Messrs. C. Dunn and Cothren*, for the plaintiff in error, made the following points:

1. The suit was not revived in the name of the administratrix. By the common law, the death of a sole plaintiff abated a suit.

Our statute provides, that a suit *may* be prosecuted by or against the surviving party, and by or against the executor or administrator of the deceased party. *R. S.* 508. The statute does not provide any particular method for getting the representatives of the deceased party before the court. We must then look to the common law for the proceedings by which a new party to the record can be introduced.

At the common law a suit could only be revived by *scire facias*. *Hatch vs. Eustis*, 1 *Gallis*, 160 ; *Chapman vs. Thomas*, 1 *Root*, 67 ; *Gray vs. Webb*, 2 *Root*, 267 ; *Green vs. Watkins*, 6 *Wheat*. 260; *Earl vs. Brown*, 1 *Wils*. 302 ; *Cobbick vs. Peck*, 1 *Ld. Raym.* 1280.

2. There never was an *order* of court reviving the suit in the name of the administratrix, or authorizing her to appear and prosecute it. *R. S.*

3. The defendant was taken by surprise, as he had no means of knowing that Susan Rand was adminis-

tratrix, or that she had taken upon herself the prose-

cution of the cause.

4. There is no evidence that Susan Rand is, or ever was, administratrix of the estate of Stephen S. Rand, deceased.

*J. H. Knowlton*, for the defendant in error.

The record shows a similiter to the plea of the general issue, and a replication to the plea on *son assault demesne*.

The order for leave to revive the suit was of no avail.

A proper construction of this statute. (*R. S. chap.* 96, § 1 *and* 2,) does away with the common law mode of revival.

The question of administration involves an error in fact which this court cannot try.

*George B. Smith*, in reply.

It no where appears that Susan Rand is administratrix, and unless she was, she could not prosecute the suit; and it was error in the court to allow her to prosecute without such proof.

Suppose the defendant had proceeded under the 3d section, (*R. S. chap.* 96,) and had brought in a notice purporting to have been served upon the administratrix; would not the court have required proof that the person upon whom the notice was served was in fact the administratrix?

If the party would come into court with letters of administration, and obtain an order admitting the administrator to prosecute; that would have been sufficient. *See R. S.* § 16 *and* 17, *page* 371.

*By the Court*, WHITON, C. J. We see no error in this

JUNE TERM,
1853.

Moore
vs.
Rand.

record.   Our statute provides (*R. S. Chap.* 96, § 2,) in the case of the death of a party to a suit, whether plaintiff or defendant, that the death of the party shall be suggested on the record, and that his executor or administrator may thereupon appear and take upon himself the prosecution or defence of the suit, as the case may be ; and, that the suit shall thenceforth be conducted in the same manner as if it had been originally commenced by or against the executor or administrator. This was done in the case before us. The death of Rand was suggested on the record, and an order was made by the court, that the suit should be revived, upon the appointment of an administrator. This order appears to have been entirely unnecessary, as the statute gives the executor or administrator the power to appear and take upon himself the prosecution or defence of the suit, upon the suggestion of the death of the party upon the record, without any order of the court whatever.   It clearly was not necessary that the court should make an order to revive the suit.   But the order was made and the administratrix appeared to prosecute the suit to its termination.   Although the appearance of the administratrix to prosecute the suit, after the death of the plaintiff was suggested upon the record, was sufficient without an order, yet the entering of the order by the judge would not make the appearance irregular.   The order did not prejudice the defendant.   It appears that the defendant below moved for a continuance of the case, on the ground that the suit had not been revived, and that the judge overruled the motion.   This, certainly, was not error.   The defendant did not allege any reason for the continuance, except the fact that the suit had not been revived ; and this, as we have seen, was en-

titled to no weight. The defendant alleges that he
was taken by surprise, as he had no means of know-
ing that Susan Rand was administratrix, or that she
had taken upon herself the prosecution of the suit. It
appears to us that this constitutes no objection. After
her appearance was entered in the cause, in pursuance
of the statute, her right to appear must of course be
proved in the same manner as though the suit had
been originally commenced in her name; but she
could not be called upon to prove it before she be-
came a party to the suit. Upon the whole, we see
no error, and the judgment of the Circuit Court must
be affirmed.