JAMES E. McINTIRE, Assignee of Joseph C. Tiffany, Appellant, *v.* FRANCIS H. BENSON, JAMES S. BEACH and FAYETTE S. BUCKLEY, Appellees.

### APPEAL FROM COOK.

A clause in a deed of assignment, that the assignee covenants and agrees to execute the trust faithfully, according to the stipulations therein contained, being responsible only for his actual receipts and willful defaults, makes the deed fraudulent and void.

THIS was an action commenced in the Cook County Court of Common Pleas by the appellant, plaintiff below.

Declaration filed December 11th, 1856, alleging that said defendants, in November last, seized and took certain personal property, consisting of bricks, lumber and horses, and the implements for making brick, of the value of four thousand two hundred and seventy-seven dollars and thirty-two cents, of the said plaintiff, as assignee, and converted and disposed of them to their own use.

Pleas—First, the general issue ; second, defendants, in several amended pleas, recite three several judgments rendered in said court against Joseph C. Tiffany ; that executions were issued upon these judgments, and levied by the defendants, Beach and Buckley, upon the property described in the declaration, as sheriff and deputy sheriff of Cook county, and allege that the

property set forth in the declaration is not the property of the plaintiff, but is the property of the said Joseph C. Tiffany.

General replication filed, alleging that the property described in the declaration and pleas is the property of said plaintiff, and concluding to the country.

Issue came on to be tried March 12th, 1857, before J. M. WILSON, Judge of said court, and a jury. It was admitted by the counsel on both sides that the judgments mentioned in the amended pleas were properly rendered, executions properly issued, and levied by the defendants Beach and Buckley, the then acting sheriff and deputy sheriff of said county, upon the property mentioned in the declaration, and taken into their possession.

The assignment of Joseph C. Tiffany, for the benefit of his creditors, to James E. McIntire, with schedules "A" and "B," was offered in evidence by plaintiff and objected to by defendants, on the ground that it was void *per se*, by reason of its containing this clause : "And the said party of the second part hereby covenants and agrees to execute said trust faithfully, according to the stipulations herein contained, being responsible only for his actual receipts and willful defaults." This objection was sustained by the court, the assignment excluded and exceptions taken.

Verdict rendered for defendants, under the instructions of the court.

D. P. WILDER, for Appellant.

D. L. EASTMAN, for Appellees.

BREESE, J. The only question presented for our consideration by this record is, as to the effect, in a voluntary deed of assignment, of the following clause, viz :

"And the said party of the second part hereby covenants and agrees to execute said trust faithfully, according to the stipulations herein contained, being responsible only for his actual receipts and willful defaults."

We think this clause makes the deed fraudulent and void, for these reasons : that as trustee, the assignee is bound to manage the trust property for the benefit of the creditors with all the care and caution and diligence of a prudent owner, and, so far is this rule extended, that however fully a discretionary power of management may have been given, yet if the trustee omits doing what would be plainly beneficial, he will be answerable. Willis on Trustees, 8 Law Lib. 125—169.

And he should exercise the same care and solicitude that a prudent person or a man of reasonable or ordinary diligence would use for himself, and consequently, he ought to be liable for every loss sustained by reason of his negligence, want of caution or mistake, as well as for positive or willful misconduct, or by omitting to do what is plainly beneficial for the estate; for notwithstanding the utmost latitude is given them for conducting the trust, they would still be liable for a breach of trust. Ib. 172, 173, 174 ; 2 Kent's Com. 230.

The principle is a sound and a safe one, that every provision in a deed of assignment exempting the assignee from any liability he is by law subject to as assignee, is, of itself, a badge of fraud.

The exemption in this clause is too broad, and not qualified by the stipulation that he will faithfully execute the trust, for this covenant precedes the exemption—the exemption really qualifying the undertaking to discharge the trust faithfully, "being responsible only for his actual receipts and willful defaults."

Being bound by law for more than this, he attempts an exemption from the full measure of the liability which the law attaches to the office of trustee. It is not an absolute, unconditional and unqualified surrender and appropriation of the debtor's property for the payment of his debts, for on its face it protects the assignee in a degree of negligence which would certainly delay and defraud creditors, and might greatly benefit the debtor. It is the policy of the law to hold the assignee personally liable, and he must be able to respond. If he is exempted from personal liability, the creditors are exposed to loss. The law binds him to due diligence, and he cannot stipulate that he shall be responsible only for willful defaults, which is no more nor less than gross negligence.

The effect of the assignment being to withdraw the property from the reach of creditors pursuing their legal remedies, and to place it in the hands of an assignee of the debtor's own selection, where it may be wasted and lost unless he chooses to exercise a much greater degree of diligence than he has undertaken to bestow upon it, shows the impropriety of such a provision. He is exonerated from the principal legal liabilities of a trustee, and such is the practical operation of the assignment as expressed on its face, and plainly discloses an intent to hinder and delay creditors; or why the stipulation ? If losses happen for the want of proper diligence, it must fall on the creditors, and a failing debtor cannot be permitted to put at hazard the trust fund which justly belongs to his creditors by authorizing the trustee to manage it without due prudence and caution. *Litchfield* v. *White*, 3 Selden R. 445.

The covenant that he will discharge the trust "faithfully, according to the stipulations herein contained," is qualified and controlled by that which immediately follows, "being responsible only for his actual receipts and willful defaults," and which exonerates him from the liability the law imposes on him as trustee.

We have been referred to the case of *Jacobs* v. *Allen*, 18 Barbour R. 549, as a later decision than that of *Litchfield* v. *White*, and as in conflict with it. The last case is not referred to in *Jacobs* v. *Allen*. In this case we prefer the reasoning in the dissenting opinion of the court, but it has in no view any authority with this court. Besides, it differs very considerably from this case. In that case the covenant that he would faithfully execute the trust follows the exemption claimed—that notwithstanding I shall not be responsible except for willful default, yet I will nevertheless faithfully execute the trust according to the law governing such an office. In this case the covenant faithfully to perform precedes the exemption claimed, and the exemption destroys the covenant—thus, I will faithfully execute the trust, but I will not be responsible except for willful defaults; or, I will faithfully execute the trust, on condition that I shall be liable for gross negligence only.

We have examined all the authorities cited on both sides. Comments on them are unnecessary.

To make such a deed valid, the debtor's property must be unconditionally and without restriction transferred to the assignee, with a general authority to him to receive, hold and dispose of it for the equal benefit of all the creditors. He then becomes a trustee for such creditors, and is bound by all the rules that govern trustees, from the operation of which an exemption cannot be stipulated.

To hold this clause valid, would be to say in effect that the assignment need not be unconditional. This we cannot say.

A proper regard for safety suggests the propriety of as few special clauses in deeds of this kind as possible. If they are unusual, they are regarded with great suspicion. Fraud is supposed to be concealed in their provisions, and with that taint upon them they must die.

The great and indispensable requisite in all voluntary assignments by debtors, is *good faith;* the great and fatal objection, *fraud,* or the intent to defraud creditors.

The judgment of the court below is affirmed.

*Judgment affirmed.*