## PERLEY B. WHIPPLE *et al.*
### *v.*
## ABRAM F. POPE.

1. ASSIGNMENT FOR THE BENEFIT OF CREDITORS — *of the power in assignee to sell on credit.* If language is used in a deed of assignment for the benefit of creditors, which, by necessary intendment, confers the power to sell on credit, it will avoid the deed, as tending to hinder and delay creditors.

2. SAME — *of the discretion given the assignee — construction of a deed.* A deed of assignment authorized the assignees "to collect and dispose of said property and · effects on such terms and in such manner as they, the said trustees, may think best for the interest of the parties concerned." There is nothing in this to avoid the deed.* No power to sell on a credit can be implied from the language used.

3. SAME — *of restricting or enlarging the duties and liabilities of the assignees.* The same deed, in defining the liability of the assignees, provided that they should be "responsible only for their actual benefits and willful or neglectful defaults." *Held,* that this only expressed the legal liability of the assignees, and did not, therefore, vitiate the deed.

4. A provision in a deed of assignment which imposes duties beyond, or only those the law will require, does not affect the validity of such an instrument; but anything which dispenses with the observance of those required by the law, will not be sanctioned.

5. CONSTRUCTION OF DEEDS OF ASSIGNMENT — *general rules.* An unreasonable construction should not be given to the language used in such an instrument, to render it void. It will not be presumed that it was the design of the grantor to defraud his creditors. Such an intention must appear from the deed itself, or from other evidence. And where two constructions may be given to the language used,

---

* *Pierce et al.* v. *Brewster et al.,* 32 Ill. 268.

that should be adopted which will uphold rather than defeat the instrument. The same reasonable and fair rules of construction should be applied to such instruments, as are adopted in ascertaining the meaning of other instruments.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. E. Y. RICE, Judge, presiding.

On the 31st day of August, 1861, Robert Meatyard made a deed of assignment of all his property to Perley B. Whipple and John L. Blair, for the benefit of his creditors. Abram F. Pope, one of the creditors of Meatyard, exhibited his bill in chancery in the court below to set aside the deed, upon certain grounds, which are clearly set forth in the opinion of the court. A decree was rendered, declaring the instrument fraudulent and void.

Thereupon, the assignees sued out this writ of error.

Mr. LEVI DAVIS, for the plaintiffs in error, cited Burrill on Assignments, 218, 219; *Kellogg* v. *Slauson*, 1 Kern. 302; *Sackett* v. *Mansfield*, 26 Ill. 25; *Nye* v. *Vanhuson*, 6 Mich. 346; *McIntire* v. *Benson*, 20 Ill. 501; *Finley* v. *Dickinson*, 29 id. 22.

Messrs. HAY & CULLOM, for the defendant in error.

The provision in the deed to which we object is this: "That the assignees are to collect, sell and dispose of said property and effects *on such terms* and in such manner as they, the said trustees, may think best for the interest of the parties concerned." Does the language used authorize a sale on a credit? If so, the case of *Bowen* v. *Parkhurst*, 24 Ill. 257, is decisive.

In *Schofeldt* v. *Abernethy*, 2 Duer, 533, the court held such words to convey, by necessary implication, a discretionary power to sell upon credit; and we submit to the court whether the reasoning and conclusion of the court in that case is not more satisfactory than the highly artificial reasoning adopted by the court in *Kellogg* v. *Slauson*, in order to reach a contrary conclusion.

It is argued that the case of *Sackett* v. *Mansfield*, 26 Ill. 25, approves such a provision, and that the court in that case signified

its approval of the case of *Kellogg* v. *Slauson*, 1 Kernan, 302. We do not so understand the opinion in *Sackett* v. *Mansfield*. We understand the court as referring to the case of *Kellogg* v. *Slauson* to show how far the New York courts had gone to uphold such clauses in an assignment, and not at all as intimating an approval. The court carefully distinguishes the difference in the terms used in the assignment before them and the terms used in the case of *Kellogg* v. *Slauson*, and demonstrated that no reasonable construction can torture them into a power to sell on credit. Had the court intended to approve of *Kellogg* v. *Slauson*, would it have taken such pains to discriminate the cases?

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This bill was filed for the purpose of setting aside a deed of trust transferring property for the benefit of creditors. It is insisted that the deed contains provisions which, as to the creditors, render it void. The first of the provisions is this: "To collect and dispose of said property and effects on such terms and in such manner as they, the said trustees, may think best for the interest of the parties concerned." If this language in a deed of trust by necessary intendment confers the power to sell on credit, then it avoids the deed, as tending to hinder and delay creditors. The language employed, and objected to, in this deed of assignment, and discussed and passed upon in the case of *Kellogg* v. *Slauson*, 1 Kern. 302, in the Court of Appeals of New York, was almost identical with this, and yet the deed was held sufficient. The courts of that State have, in their more recent decisions, shown but little favor to such instruments, which renders the authority the more valuable. Some of their lower courts have announced a contrary rule, but this decision of the court of last resort in that State must be taken as the law of that jurisdiction.

Other courts have adopted the same rule. *Nye* v. *Vanhuson*, 6 Mich. 346. In the case of *Kellogg* v. *Slauson* the court decide that authority to sell on such "terms and conditions" as they might deem for the best interests of the parties concerned, did

not authorize a sale on credit. These cases seem to be conclusive of this. Nor have we been referred to any case, decided by a court of last resort, which announces a different rule, or held that such language avoids the deed.

When this language is considered, it does not seem necessarily to imply a power to sell on credit. The language "on such terms and manner" has a more comprehensive meaning. They, in the connection in which they are here employed, mean that the trustees might sell at private or public sale, in packages or by the single article, in large or small quantities, by sample or on examination. Or that they might bring on the sale at a longer or shorter period from the time of the assignment. As the law prohibits a person making an assignment for the benefit of his creditors from authorizing a sale on credit, we should not give an unreasonable construction to the language to render the instrument void. We cannot presume that it was the design of the grantor to defraud his creditors. Such an intention must appear from the deed itself, or from other evidence. And when two constructions may be given to the language, we should adopt that which will uphold rather than defeat the instrument. Fraud is not inferred except from evidence, and to defeat this deed we would have to infer a fraudulent design without testimony. Since assignments are allowed to be made they must have applied to them the same reasonable and fair rules of construction which are adopted in ascertaining the meaning of other instruments. We will not presume that the parties designed to violate the law, and it does not appear to have been done by this provision.

The other clause, which it is insisted vitiates the deed, is that the assignees shall be "responsible only for their actual benefits and willful or neglectful defaults." This language only expresses the legal liability of the assignees. If the deed had contained no provision in reference to their duties, the law would have imposed precisely the same and no more. Every abuse of the trust reposed must be either willful or negligent. No other kind of default could occur. A provision which imposes duties beyond, or only those the law will require, do not affect the

22 — 33d ILL.

validity of such an instrument; but anything which dispenses with the observance of those required by the law will not be sanctioned. But this provision does not have that effect. It neither increases nor diminishes the liability of the trustees, and was, therefore, not improper. We are unable to perceive that the deed of assignment is for any reason fraudulent or void, and the decree of the court below must be reversed and the cause remanded.

*Decree reversed.*

Separate opinion by Mr. JUSTICE BREESE:

I consider the provision in this deed, that "the assignees shall be responsible only for actual benefits and willful or neglectful defaults," takes the case out of the operation of the principle decided in *McIntire* v. *Benson*, 20 Ill. 500, and *Robinson* v. *Nye*, 21 id. 592. In those cases the stipulations were for responsibility only against *willful* defaults, and the deeds were held fraudulent and void.

In *Brown* v. *Parkhurst*, 24 id. 257, we held that a deed of assignment which authorized a sale of the property, either at public or private sale, on a credit, was fraudulent and void, as tending to delay creditors.

In *Sackett* v. *Mansfield*, 26 id. 21, the stipulation in the deed was like the one in this case, and then it was held that such a stipulation contained nothing more than the law would imply, and that it could not be construed to authorize a sale on credit. We say in that case that the true test of the validity of such deeds is, that wherever the law would imply a discretion, such discretion may be given in the deed. To the same effect is *Finley* v. *Dickerson et al.*, 29 id. 9.

I concur in reversing the decree.