## In re BIRK & JOHNSON.

## WIGGINS v. HUMMEL.

(Circuit Court of Appeals, Seventh Circuit. December 19, 1923. Rehearing
Denied February 8, 1924.)

### No. 3265.

1. **Assignments for benefit of creditors** ⬅1—**Must be absolute conveyance of property.**

   A common-law assignment must show an absolute, unconditional, and unqualified surrender and appropriation of the debtor's property for the payment of his debts.

2. **Assignments for benefit of creditors** ⬅34—**Instrument held not effective as general assignment.**

   An assignment by a mercantile partnership of all its property, the assignee to continue the business for two years, under direct management of one of the partners, before selling in bulk, with authority to the assignee to pay the proceeds to creditors, but exonerating him from liability for errors or mistakes in judgment, *held* not valid as an instrument divesting assignors of title to the property, but in effect only a special power of attorney to the assignee.

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the Matter of Birk & Johnson, bankrupts; F. E. Hummel, receiver. Samuel T. Wiggins and others petition to revise an order of District Court. Affirmed.

R. N. McConnell, of Chicago, Ill., for petitioners.
Garfield Charles, of Chicago, Ill., for respondent.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Birk & Johnson, herein known as bankrupts, filed a voluntary petition in bankruptcy on January 16, 1923. A receiver was appointed, who took possession of certain property, consisting of two retail stores, as the property of bankrupts, and the question here is whether the instrument, bearing date June 15, 1922, between bankrupts and one Sam Wiggins, operated to pass such property beyond the reach of the bankruptcy court. Wiggins, and persons who were on June 15, 1922, creditors of the bankrupts, asked return of the property on the ground that the instrument was a valid assignment for the benefit of creditors, made more than four months before bankruptcy.

The instrument in question shows that bankrupts, being unable to pay their debts in full, conveyed their property, consisting in part of two stores, to Wiggins, who, without the consent of Johnson, one of the partners, could only sell at retail in the ordinary course of trade until the expiration of two years. One of the stores might be sold within two years, but not for a less price than $6,000, without the consent of Johnson. Wiggins was to pay and discharge all of the reasonable expenses, costs, and charges of carrying into effect the

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

purposes of the agreement, and he also had the power to require creditors to adjust their claims by litigation. He was directed to discharge in full "all the debts and liabilities then due or to become due" from the bankrupts, together with interest, to ratably distribute the funds after the payment of expenses, and return anything left to bankrupts. He was made attorney in fact for bankrupts, to do all things necessary to the full execution of the trust, in the name of bankrupts. Johnson was to be employed as manager, and many, if not all, things were kept directly under his control. The agreement released Wiggins from liability for errors or mistakes in judgment, except gross negligence or willful default. The creditors, while not parties to the agreement, accepted dividends from Wiggins, who conducted the business as provided in the instrument appointing him, and incurred debts and purchased new goods from new creditors.

[1] A common-law assignment must show an absolute, unconditional, and unqualified surrender and appropriation of the debtor's property for the payment of his debts. McIntire v. Benson et al., 20 Ill. 500, 502; Gardner v. Commercial Nat. Bank, 95 Ill. 298, 307.

[2] The terms of the instrument in question, exonerating the trustee from the ordinary measure of liability imposed by law, is almost identical with the language in McIntire v. Benson et al., supra, in reference to which the court there said (page 502):

"Every provision in a deed of assignment, exempting the assignee from any liability he is by law subject to as assignee, is, of itself, a badge of fraud."

The instrument was nothing more than a special power of attorney to Wiggins to act for bankrupts. It was not a conveyance by which title to the property in question was vested in the creditors, or in some one for them, nor was it an instrument by which bankrupts were divested of their title and control over the property, and does not bring the parties within the provisions of section 60 of the Bankruptcy Act (Comp. St. § 9644).

Affirmed.