HARVEY J. SWAN *vs.* ELBRIDGE G. CRAFTS & trustee.

Franklin. Sept. 18, 1877. — June 27, 1878. ENDICOTT & LORD, JJ., absent.

An assignment by a debtor, in trust for certain persons named therein, of funds in a bank, alleged to be the proceeds of goods consigned to him for sale on commission by such persons, without consideration beyond the acceptance of the trust, is void as against creditors not assenting to it.

TRUSTEE PROCESS. Writ dated April 22, 1876. The Shelburne Falls Savings Bank was summoned as trustee. John M. Crafts appeared as claimant of the funds in the hands of the

trustee, by virtue of the following assignment: " Whately, April 20, 1876.   I hereby assign all the interest I have in the sum of money named within in this instrument to John M. Crafts, to his use and behoof, with this condition, that the said John M. Crafts shall well and truly apply the said funds in payment of certain amounts due to such parties as I am owing for tobacco sold on commission by me for the benefit of said consignees, a list of the said consignees having been duly furnished him, which list bears even date with these presents.   E. G. Crafts."

At the trial in the Superior Court, before *Allen*, J., without a jury, the claimant offered to prove the following facts:

In 1875, the defendant forwarded to Fox, Dills & Co., in New York city, for sale, certain cases of tobacco which had been placed in the hands of the defendant to be sold by him on commission for the growers.   After the tobacco was sent to New York, the plaintiff contended that certain lots of it belonged to him, having been purchased by him of the growers.   The tobacco was sold by Fox, Dills & Co. to the plaintiff, and the money paid by him, to their credit, into the Shelburne Falls National Bank, being deposited subject to the order of Fox, Dills & Co. on the production of joint orders from the plaintiff and defendant.   Afterwards the plaintiff and the defendant submitted to arbitration how much, if any, of the money was from the sale of tobacco belonging to the plaintiff, and how much from the sale of tobacco consigned to the defendant for sale on commission.   The arbitrators awarded that a certain sum should be paid to the plaintiff, and that a certain other sum be paid to the defendant.

Afterwards, on April 20, 1876, the plaintiff and defendant met for the purpose of signing orders to send to Fox, Dills & Co., to enable each to draw the sums of money under the award.   At that time, the defendant refused to sign any order till all matters in dispute were settled and a receipt given for all claims by the plaintiff on the defendant.   The plaintiff said to him that he did not see the need of signing such receipt, as he had no claims against him, and the defendant signed the order.   Afterwards, on the same day, he transferred the money in the bank to the claimant for the purposes set forth in the assignment.   The defendant furnished the claimant with a list of the growers who

consigned the tobacco to him, other than those of whom the plaintiff claimed to have bought his share of the tobacco, and, at the same time, he gave the claimant a check on the bank for the funds, and the claimant promised the defendant to pay the consignors.

The bank was notified of the assignment on April 21, 1876, and promised to pay the money to the claimant.

It was admitted by the claimant that the claim of the plaintiff and the cause of action accrued prior to the assignment; that a verdict had been rendered for the plaintiff at the last term of the court; that there were large liabilities against the defendant at the time of the assignment; that all of his real estate was under attachment for large amounts in divers suits, and that at the time of the service of the plaintiff's writ and at the time of the assignment to the claimant, the defendant had in his hands no visible property subject to attachment save the funds in the bank.

The judge ruled that the facts offered to be proved by the claimant were immaterial; and ordered that the trustee be charged. The claimant alleged exceptions.

*H. H. Bond*, for the claimant.

*S. T. Field*, for the plaintiff.

SOULE, J. The adverse claimant seeks to hold the funds in the hands of the alleged trustee, by virtue of an assignment from the principal defendant. He paid no money for the assignment, and it was on the express condition that he should apply the funds in payment of certain specified debts of the assignor, who was largely indebted to persons to whom no part of the funds were to be paid by the claimant. No creditors were made parties to the assignment, and there was no offer to show that any creditors had assented to it, or released their claims in consideration of it.

Assignments in trust for the benefit of creditors, the only consideration for which is the acceptance of the trust, are of no effect against creditors who do not assent to them, and who, by trustee process or otherwise, attach the property described in the instrument of assignment. *Russell* v. *Woodward*, 10 Pick. 408. *Viall* v. *Bliss*, 9 Pick. 13. *Fall River Iron Works* v. *Croade*, 15 Pick. 11. *Edwards* v. *Mitchell*, 1 Gray, 239. The assignment to

the claimant was of this character, the only consideration being his promise to apply the funds in accordance with the terms of the written assignment. The evidence offered, and rejected as immaterial, did not tend to give any different character to the transaction, nor to establish a state of facts which would take it out of the operation of the general principle governing such assignments. It was therefore properly excluded.

It was urged at the argument that the claimant is entitled to the funds because they were the proceeds of goods sold on commission by the defendant for consignors, who were named in the assignment as the persons to whom the funds were to be distributed by the claimant, and who might claim them wherever they could find them. It is unnecessary for us to decide the question whether a chose in action held by the defendant against the bank, for moneys deposited to his credit, is to be regarded as the proceeds of goods sold by him for principals, in such sense that the principals could recover of the bank the whole or ratable parts of their respective claims, because the claimant does not stand as the representative of the consignors. They have not given him any authority to represent them. He does not plead any right derived from them. He bases his claim to the fund wholly on an assignment from the defendant. Except for that assignment, there is nothing in the case to oppose the right of the plaintiff to hold the fund by his attachment. The assignment is not aided by any rights in the consignors, and must stand or fall as it is or is not valid as between the defendant and his creditors. As to them, it is an assignment of his property, in trust for creditors, without consideration and not assented to by creditors, and therefore void as against attachments made by them. The ruling of the court below was correct.

*Exceptions overruled*