CHARLES FAULKNER & others *vs.* MICHAEL HYMAN & others, & trustees.

Suffolk.    March 15. — May 11, 1886.    W. ALLEN & HOLMES, JJ., absent.

An assignment of property, executed in another State, by a debtor domiciled there, for the benefit of his creditors, which is valid by the law of that State, but is invalid by the law of this Commonwealth, because not executed or assented to by the creditors, will not be upheld in this Commonwealth, as against attaching creditors of the assignor constituting a partnership, although some of such creditors are domiciled in the State where the assignment was executed, and where the firm has a place of business, and some in another State, the others being domiciled and the firm having its usual place of business here.

TRUSTEE PROCESS.    The Superior Court ordered judgment for the plaintiffs, as against the claimant of the funds in the hands of the trustees, and that the trustees be charged; and the claimant appealed to this court.    The facts appear in the opinion.

*J. D. Ball*, for the claimant.

*A. E. Pillsbury*, for the plaintiffs.

DEVENS, J.    The plaintiffs, on December 24, 1884, attached, as property of the principal defendants, certain debts due to them from persons in this Commonwealth named in the writ as trustees.    Prior to this attachment, the defendants had, on December 20, 1884, assigned to the claimant all the property of their copartnership by a description sufficiently general to include these claims, in trust to pay certain preferred debts in full, and afterwards to pay their remaining debts proportionally to their respective amounts, so far as the residue should suffice for that purpose.    The assignment was made in the city of New York by the defendants, who were residents and carried on business there, to the claimant, also a resident there.    It is conceded that it was recorded there on December 22, 1884, and that it is in all respects valid by the laws of the State of New York.

This assignment was not executed or assented to by any of the creditors named therein, or any other creditors of the principal defendants for whose benefit it purports to have been executed. The claimant contends that, even if the plaintiffs could be deemed a Massachusetts partnership doing business solely in this Commonwealth, the assignment would be valid against them. The law of any State has no force or effect *proprio vigore* beyond its territorial limits. Whatever extra-territorial vitality it may have is owing to the comity which should prevail between different states or nations. That comity does not require that it should be executed when it would be against the public policy of the State where the remedy is sought, or would be injurious to the just interests of its citizens. It certainly would be unjust to creditors residents of this State, if they were to be deprived of the benefit of an attachment they had lawfully made, or other lien they had lawfully acquired, on the property of their debtors here situate, by an assignment which, if made here between citizens, would be inoperative for want of compliance with legal requisitions, even if such assignment was valid in the State where it was made, and sufficient to transfer property under its control. *Green* v. *Van Buskirk*, 5 Wall. 307; 7 Wall. 139. *Dehon* v. *Foster*, 4 Allen, 545. *Cunningham* v. *Butler*, *ante*, 47.

It has repeatedly been held in this Commonwealth, and by a long series of decisions, that a voluntary assignment in trust for the benefit of creditors, the only consideration of which is the acceptance of the trust by the assignee, is invalid against an attachment, except so far as assented to by creditors, in which case, being good at common law, it will protect the property from attachment to the extent of the amount due the creditors thus assenting. This, for the reason that there is no adequate consideration unless with the assent of creditors, without which no insolvent debtor should be allowed so to dispose of his property as to place it beyond their reach. It has further been held, that such assent is not to be presumed, but must be shown by some affirmative act, such as presenting claims, accepting a dividend, or distinctly becoming a party to the written assignment. *May* v. *Wannemacher*, 111 Mass. 202, 209. *Swan* v. *Crafts*, 124 Mass. 453. *Pierce* v. *O'Brien*, 129 Mass. 314. The rule in

Massachusetts on this subject appears to us to rest upon a sound reason. The earliest case on the matter is that of *Widgery* v. *Haskell*, 5 Mass. 144. This has been repeatedly affirmed, and we see no reason for changing it in view of decisions made elsewhere, as we are urged to do by the claimant.

But if the assignment made in New York would be inoperative against the plaintiffs if they were residents of Massachusetts, it is urged that they must be dealt with as if they were all residents of New York. By the writ, it appears that four of the plaintiffs are citizens of Massachusetts, two of New Jersey, and one of New York, having their usual place of business in Boston. The claimant alleges that "several" of the partners are residents of New York, but does not deny that several are citizens and residents of Massachusetts. Nor do his allegations deny that the usual place of business of the plaintiffs is in Boston, although it is asserted that they have a place of business in New York, where the indebtedness was contracted.

A partnership is not a legal entity, having, as such, a domicil, although for purposes of taxation and for similar purposes it may be treated by statute as having a locality. *Ricker* v. *American Loan & Trust Co.* 140 Mass. 346. Nor does the allegation of the claimant undertake to establish its situs in New York. The allegation that the firm has a place of business in New York is entirely consistent with its having its principal place of business in Boston. The right of the plaintiffs to recover cannot be defeated upon the ground that their firm, as such, is to be treated as if it had solely a residence in New York. It must be determined what the rights of the plaintiffs are, in view of the fact that some of them are citizens of New York, and others of Massachusetts and New Jersey. If some of the plaintiffs would be precluded from holding the assigned property by attachment, as against the assignment, it is urged that all are necessarily so. If a suit were brought by New York creditors alone, it may be that they could not be heard to deny the validity of the assignment, because, as citizens of that State, they would be bound by its laws, even here. *May* v. *Wannemacher, ubi supra.* If brought by Massachusetts creditors alone, it is equally true, as the assignment is not valid by the law of this Commonwealth, that the attachment would prevail. All the partners are necessarily

compelled to join in the action, and the New York plaintiffs are under no disability to sue here. The principle of comity cannot require us to enforce a foreign law, differing from our own, against the just rights of our own citizens, and to their prejudice, because, if we fail so to do, the residents of another State would incidentally obtain a benefit which they could not otherwise obtain. It cannot be required of us to deny our own citizens their lawful rights, for the sake of denying to residents of New York that which we could not accord them except by reason of our respect to the legislation of another State of which they are residents, if they had brought suit alone. Considering the fact that the other plaintiffs are residents of Massachusetts, the fact that some are residents of New York places us under no duty to enforce the New York law on the subject of assignments.

*Judgment for the plaintiffs affirmed.*