SHELDON and another v. WHEELER and another.

(*Circuit Court, N. D. Illinois.* November 21, 1887.)

CONFLICT OF LAWS—ASSIGNMENT FOR BENEFIT OF CREDITORS—NON-RESIDENCY —ATTACHMENT.

A voluntary assignee of a non-resident under the laws of another state cannot hold assets found in Illinois against attaching creditors resident in that state.[1]

*P. L. Shuman,* for plaintiff.
*Butz & Eschenburg,* for garnishee.

[1] A voluntary general assignment for the benefit of creditors, if valid where made, will be valid to transfer personal property wherever situated, except as it conflicts with the rights of resident creditors. Schuler v. Israel, 27 Fed. Rep. 851, and note.

BLODGETT, J., (*orally*.) This is an attachment suit, the plaintiffs being citizens of Illinois, and the defendants citizens of Connecticut. The suit was commenced against the defendant as a non-resident of this state, under the attachment laws of Illinois; an attachment writ issued and served by summoning certain persons as garnishees. One Merwin intervenes, and claims to be the owner of, and entitled to, the proceeds of the indebtedness garnished, on the ground that he is the voluntary assignee of Wheeler & Co., the attachment debtors, who reside and do business in the state of Connecticut. Wheeler & Co. made a voluntary assignment, under which Merwin is the acting assignee, for the benefit of their creditors, and Merwin sets up a superior right and claim as such assignee to the assets attached.

I am satisfied that the law in this case was properly stated by the supreme court of Illinois in *Heyer* v. *Alexander*, 108 Ill. 385, where it is stated, in substance, as the true rule, that a voluntary assignee under the laws of another state will not be allowed to take the property of the assignor found in this state, as against a creditor of the assignor resident in this state who has brought an attachment for the purpose of reaching the assets of such non-resident debtor. In other words, that each state, being a separate and independent sovercignty, will see to it that its own citizens are protected in the collection of their debts against non-resident debtors, so far as the assets of such debtors are within the jurisdiction of the state. There have been some later decisions by the supreme court of Illinois, but I do not think they disturb the principle upon which *Heyer* v. *Alexander* was decided.

The demurrer to the interpleader is sustained, and the interpleader dismissed.