### J. R. SMITH *et al.*

#### *v.*

### LAMSON BROS. & CO.

*Opinion filed February 19, 1900.*

184    71|
s82a 466|

1. VOLUNTARY ASSIGNMENTS—*foreign voluntary assignment not good as against domestic attaching creditors.* Courts of Illinois will not enforce a foreign voluntary assignment as against domestic attaching creditors, since the enforcement of such assignment is a matter of comity, only.

2. ATTACHMENT—*local bank credits of foreign assignor are subject to attachment by local creditors.* Local bank deposit of foreign insolvent is subject to attachment by domestic creditors before the assignee has reduced it to possession, though part of the deposit consists of money sent to the bank by the insolvent the day before making the assignment and not received by the bank until after the assignment was made.

*Smith* v. *Lamson Bros. & Co.* 82 Ill. App. 466, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

ALDEN, LATHAM & YOUNG, for appellants.

D. M. KIRTON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The question presented for decision by this appeal arose in the circuit court of Cook county upon appellee's demurrer to an interplea filed by appellants in an attachment in which the American Trust and Savings Bank had been summoned as garnishee. A. Bryan & Co., residents of Tennessee and doing business in that State, were indebted to appellee, who was a resident of this State, and at six o'clock in the morning of June 15, 1896, said A. Bryan & Co. made in the State of Tennessee, to the appellants, a voluntary common law assignment for

the benefit of their creditors, of all of their property, effects and assets of every kind, including moneys, credits and accounts. On the same day, a few hours after such assignment, the appellee sued out the writ of attachment in this case and caused the same to be served upon the bank as garnishee. At that time there was a credit upon the books of the bank in favor of A. Bryan & Co. of $287.73, and the next day, June 16, the bank received $750 in currency, which had been sent by A. Bryan & Co. on June 14, in the usual course of business, and also certain checks, from which the bank collected $70.40. The interplea alleged that the $750 and said checks had been sent to the bank at eight o'clock P. M. of June 14, 1896, but at the time of the assignment were still within the State of Tennessee and not within the State of Illinois, and that said credits, moneys and accounts, at the time of the service of the writ upon the bank, were not the property of A. Bryan & Co., but of the interpleaders, as their assignees and grantees. The circuit court sustained the demurrer to the interplea and the Appellate Court affirmed the judgment.

In so deciding there was no error. The principle governing the case has been announced in many cases by this court and was clearly stated in *Woodward* v. *Brooks*, 128 Ill. 222, where we said (p. 227): "As a voluntary foreign assignment, valid in the State where made, is enforced in this State as a matter of comity, our courts will not enforce it to the prejudice of our citizens who may have demands against the assignor. It is contrary to the policy of our laws to allow the property or funds of a non-resident debtor to be withdrawn from this State before his creditors residing here have been paid, and thus compel them to seek redress in a foreign jurisdiction. So it was held in *Heyer* v. *Alexander*, 108 Ill. 385, that a voluntary assignment of a non-resident debtor's property, valid under the laws of the State where made, will not be enforced here, as against domestic attaching

creditors." See, also, *May* v. *First Nat. Bank*, 122 Ill. 551; *Juilliard & Co.* v. *May*, 130 id. 87; *Consolidated Tank Line Co.* v. *Collier*, 148 id. 259; *Townsend* v. *Coxe*, 151 id. 62.

We see no reason why the $750, and the proceeds of the check transmitted by A. Bryan & Co. before but received after the assignment, should not be governed by the same principle. They were not reduced to possession by the assignees but were received by the bank from A. Bryan & Co., and therefore became subject to the writ which had already been served.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*