Carroll, }
March 3, 1903. }

## WESTON *v.* NEVERS.

If a common-law assignment is made upon conditions which may be prejudicial to the rights of creditors, their assent thereto cannot be inferred or presumed.

A common-law assignment for the benefit of creditors, executed in another state by a resident thereof, is not valid as against a subsequent attachment of the assignor's New Hampshire real estate by a non-assenting resident creditor.

A plaintiff in a writ of entry, who claims title under a conveyance made subsequently to the defendant's attachment, cannot recover possession by showing that the levy on the land was not in all respects valid.

WRIT OF ENTRY. Facts agreed. Transferred from the March term, 1902, of the superior court by *Stone*, J.

John Weston, a resident of Maine, being the owner of certain real estate located in this county, on November 30, 1896, made a common-law assignment in Maine to one Hastings, also a resident of that state, of all his property for the benefit of his creditors. On the same day he executed a deed of his real estate in this state to Hastings, in consideration of the trust created by the assignment. This deed was recorded December 1, 1896. In the assignment Hastings agreed to execute the trust "according to the provisions of this instrument and agreeably to law, and in case of a decree of insolvency of the said Weston, under the insolvency laws, and the appointment of an assignee in insolvency, to . . . transfer . . . to such assignee all the property then remaining in his hands which is now conveyed to him by this instrument of trust."

December 2, 1896, the defendant, a citizen of this state, attached real estate in this state in an action against Weston, and having obtained a judgment therein, duly began a levy of an execution thereon; and on October 15, 1898, he received possession of the land in controversy from the sheriff under the levy. The return of the levy was duly recorded December 5, 1898. February 23, 1897, Hastings, in accordance with the terms of the assignment and his deed from Weston, conveyed the land by a quitclaim deed for a valuable consideration to third parties, who on December 17, 1897, for a valuable consideration, conveyed the land by a quitclaim deed to the plaintiff.

*Edward E. Hastings* (of Maine) and *Frank Weeks*, for the plaintiff.

*James A. Edgerly*, for the defendant.

WALKER, J. State insolvency laws do not affect the rights of a non-resident creditor in the collection of his claim in the state of his domicile, unless he has voluntarily submitted himself to their operation. *Carbee* v. *Mason*, 64 N. H. 10. But a common-law assignment, wherever made, is not thus restricted, and ordinarily binds resident and non-resident creditors alike, if it contains no prejudicial provisions and is made in good faith. *Roberts* v. *Norcross*, 69 N. H. 533. In such a case the assent of creditors may be presumed (*Fellows* v. *Greenleaf*, 43 N. H. 421), which affords a sufficient consideration for the transfer and the establishment of the trust. In the absence of their assent, the assignee holds the property as the agent of, or the trustee for, the debtor alone; and it is, therefore, subject to attachment by the debtor's creditors. *Haven* v. *Richardson*, 5 N. H. 113, 129; *Hurd* v. *Silsby*, 10 N. H. 108. The assent of creditors cannot be presumed when the assignment contains unnecessary conditions which may be prejudicial to the substantial rights of creditors. *Spinney* v. *Hosiery Co.*, 25 N. H. 9; *Brown* v. *Warren*, 43 N. H. 430; *Derry Bank* v. *Davis*, 44 N. H. 548, 550.

In this case it does not appear that any of Weston's creditors assented to his assignment, or that the assignee was one of his creditors. Nor can such assent be inferred or presumed. Upon the facts reported, the conveyance was without consideration so far as creditors are interested. *Pierce* v. *O'Brien*, 129 Mass. 314; *Faulkner* v. *Hyman*, 142 Mass. 53. The assignee accepted the trust upon the condition that if a decree of insolvency should issue against Weston in the state of Maine, where both resided, he would transfer to the assignee in insolvency the net proceeds of all the property he had received under the assignment, which would include not only the property located in that state, but the real estate located in this state. Whether the creditors would agree to such a disposition of the property in case Weston applied for and obtained a decree of insolvency in Maine, cannot be determined by the court as a matter of mere presumption. They might reasonably prefer that the debtor's New Hampshire real estate should not be sold and the proceeds added to the other assets over which the Maine court of insolvency might have jurisdiction. They might not be willing to assent to a scheme by which the court of one state should obtain indirectly jurisdiction over property in another state, which it could not acquire directly. As speculation upon this subject leads to no satisfactory result, the court cannot presume that any creditor assented to the assignment. It was therefore without consideration as against attaching creditors, and furnished no consideration for the deed from the debtor to the assignee. *Osborn* v. *Adams*, 18 Pick. 245.

The defendant's attachment having been made before the assignee's conveyance of the land, the grantees of the latter and the plaintiff claiming title under them are chargeable with notice of its existence. They acquired only the assignee's interest in the land, whatever that may have been. It is certain that they acquired no title as against the attachment. And as the defendant is in possession under his levy, made to perfect and preserve his title by attachment, it is unnecessary in this action to consider whether the levy was in all respects valid. In a writ of entry the plaintiff must recover upon the strength of his own title—not upon the weakness of the defendant's. *Goulding* v. *Clark*, 34 N. H. 148, 155; *Spaulding* v. *Bartlett*, 55 N. H. 304, 307; *Lear* v. *Durgin*, 64 N. H. 618.

If it appeared that some creditors assented to the assignment before the attachment, it might be necessary to consider whether the rights of the parties could best be determined in this form of action, or whether there might not be matters involved requiring the aid of equity. *Leeds* v. *Sayward*, 6 N. H. 83; *Hurd* v. *Silsby, supra; Spinney* v. *Hosiery Co., supra; Roberts* v. *Norcross, supra; Faulkner* v. *Hyman, supra.* The facts contained in the present case do not justify a consideration of that question.

Although the superior court made no ruling upon the facts submitted and no question is raised upon exception, which would have been a better method of procedure, the case has been considered as though the court had entered a nonsuit subject to exception; and the result is, that as there was no evidence of assent to the assignment on the part of creditors, and as such assent cannot be presumed by the court, the plaintiff's title fails as a matter of law.

*Judgment for the defendant.*

CHASE, J., was absent; the others concurred.