William W. Howard
                    vs.                    Law No.67932
Benjamin Pine, alias

October 19, 1926

RESCRIPT

BAKER, J. This is an action at law brought to recover damages for breach of a certain contract and for the alleged mismanagement of a vessel. The plaintiff is a resident of the State of New York and the defendant a resident of the State of Massachusetts.

This action was commenced by writ dated May 5, 1926, by attaching certain funds, alleged to belong to defendant, in the hands of the Providence Washington Insurance Company in the city of Providence in this State. A prior action between the same parties and of exactly the same nature was begun by writ dated March 5, 1926, and discontinued the latter part of May, 1926, because of faulty service.

On June 12, 1926, by an order of the court Frederick H. Tarr was made a party to the case as a claimant to the funds in the hands of the Providence Washington Insurance Company and attached by the writs in these proceedings. This was done in accordance with the provisions of Sec. 24 of Chapter 351 of the General Laws of Rhode Island, 1923. The said Frederick H. Tarr as intervenor in this proceeding then moved that the garnishment of said personal estate in the hands of said Insurance Company be vacated and dissolved and that it be discharged and released as garnishee, because at the time of the service of the writ the defendant herein had no interest in said personal estate and because the said personal estate belonged to the said intervenor by virtue of an assignment made prior to the attachment. A motion that this issue be tried before a jury was denied and thereafter testimony relating thereto was presented to the court and it is this motion which is now before the court for determination.

The point to be decided is apparently whether on the evidence submitted and on the law governing the facts, the assignment from Pine to Tarr, dated February 27, 1926, is entitled to priority over the subsequent garnishment, or whether said assignment is invalid and of no effect in these proceedings.

There is no great dispute concerning the facts material to this issue, which is the only one now before the court.

On August 14, 1922, the plaintiff entered into a written agreement with the defendant and another in regard to the management and operation of the schooner "Elizabeth Howard," then owned by the plaintiff and at that time in Gloucester, Massachusetts. It was necessary for the defendant and Mr. Cooney, who was then acting with him, to make extensive repairs to the vessel and to fully equip her in order to place her in condition to be operated. This was done and various persons and firms in and about the neighborhood of Gloucester, Massachusetts, furnished supplies and labor in fitting out said vessel to the amount of $22,448.90. A policy to protect themselves and these creditors was taken out by Mr. Pine and Mr. Cooney at the Providence Washington Insurance Company in the sum of $25,000. The vessel was operated for a season. Later Mr. Cooney withdrew from the agreement. On August 14, 1923, a new policy for $25,000 was issued, "in case of loss to be paid to Benjamin Pine as his interest may appear." The vessel was not particularly successful financially and the creditors were at that time unpaid. On or about November 6th or 7th, 1923, the vessel was lost at sea. Thereafter a considerable period of time elapsed in which the various parties in interest attempted to adjust matters. Several suits were brought in Massachusetts.

Parties having various interests consulted attorneys. There was correspondence. The plaintiff disputed the reasonableness of some of the bills contracted.

Finally, in December, 1925, negotiations for an adjustment were renewed. They were conducted apparently by the plaintiff with a Miss Adams, the defendant's secretary, in New York in the office of the plaintiff's attorneys. It was finally agreed, after considerable correspondence and negotiation, that the creditors accept 80% of their claims, in all $17,959.12, and that the defendant pay to the plaintiff in cash the balance of the $25,000 insurance, namely, $7,040.88, and that certain releases and assignments be executed by the parties, and that the plaintiff assign to the defendant all his right, title and interest in the proceeds of the said insurance policy. The creditors among themselves furnished the money to be turned over to the plaintiff.

At this time the defendant and the creditors were represented by Frederick H. Tarr, the intervenor in this proceeding. The necessary papers were prepared and on February 27, 1926, the defendant claims that the assignment in question was made to Mr. Tarr in trust for him to pay his reasonable counsel fees, to repay the creditors the sums advanced to secure the release from the plaintiff and then to pay the balance to the creditors pro rata. On March 3, Miss Adams, the secretary for the defendant, went to New York, an appointment having been made, and met the plaintiff at the office of his attorneys, Miss Adams carrying certain papers prepared in Boston. Some difficulties ensued in regard to the manner in which the plaintiff should be paid and another appointment was made for March 5th. In the meantime, on March 4th, the plaintiff came to Providence, consulted his attorney here, and arranged to have the money in

the hands of the Insurance Company attached as the defendant's property as soon as the said attorney should be advised by telephone that the settlement had gone through. On March 5th, the money and the papers were passed, the latter, however, not being the ones which Miss Adams had brought with her from Boston but papers prepared by the attorneys for the plaintiff. It appears that Miss Adams had an opportunity to speak on the telephone with Mr. Tarr and Mr. Cotter, an attorney of Boston, and that she did so speak to them about the redrafting of the papers. It is not entirely clear, however, as to how fully they were informed of the changes which had been made. Immediately after the papers and money had passed in New York, the attorney in Providence was notified and the funds in the hands of the Insurance Company were garnished as the property of Mr. Pine. It further appears that Miss Adams, by reason of some conversation which she overheard, became anxious about the matter and, after calling Mr. Tarr and Mr. Pine on the telephone, succeeded in reaching Mr. Pine in the evening, but did not reach Mr. Tarr, and she suggested that Mr. Pine go immediately to Providence the next day to get the money. She and Mr. Pine met in Boston early the following morning and the latter, having obtained from her the release and assignment to him, went to Providence and there found that the funds in question had previously been attached by the plaintiff.

Mr. Tarr, the intervenor, urges that the assignment to him in trust from the defendant, dated February 27, 1926, is wholly valid and that under it he is entitled to the money attached in the hands of the Insurance Company, and that said attachment should be dissolved.

On the other hand, the plaintiff argues that the facts in the case show

that the assignment in question is fraudulent and invalid and that it should not in fact and in law be given a preference over his attachment.

As bearing upon the facts relating to the assignment, the plaintiff herein argues that all the surrounding circumstances regarding the execution of the alleged assignment, the conduct of the parties thereafter and the reasonable inferences to be drawn from the situation prove that the assignment is fraudulent and was not in fact executed on the date which it bears, namely, February 27, 1926, but was executed some time after the plaintiff's first attachment was levied on the fund in question. Plaintiff calls attention to the fact that the assignment is in Mr. Tarr's own handwriting rather than being typewritten; that it was not witnessed by anyone; that the assignor, Mr. Pine, on March 6th attempted to collect the insurance money in Providence, and, finally, that the assignee, Mr. Tarr, did not notify anyone of the assignment until after the attachment had been made.

The claimant, on the other hand, offers an explanation of these various facts which he claims satisfactorily explains the situation. He says, in substance, that the assignment was written out by him on February 27, 1926, in longhand in his office after his stenographer had left, and that there was no one available or present to witness its execution; that he had it executed as an added protection for the creditors whom he was representing as well as the defendant herein, and that the assignment was to him in trust. He claims, in substance, that at this time negotiations were pending for a settlement and he did not desire to inject himself into the matter as assignee, that he did not care to have the papers already drawn changed and that confidence existed between himself and Mr. Pine. The trip to Providence by Mr. Pine is ex-plained by reason of the fact that the latter and Miss Adams were unable to get in touch with Mr. Tarr and the necessity for haste in obtaining the money.

The court has seen the witnesses and heard them testify. Mr. Tarr is a reputable attorney of considerable experience. The court was impressed very favorably by the testimony of the defendant, Mr. Pine, a sea captain, and of his attorney, Mr. Tarr, in regard to the execution of the assignment in question. The court does not believe that they are the type of men who would be party to a fraud or who would, as the plaintiff suggests, antedate the assignment for the purpose of making it valid.

It appears to the court that the explanation they offer in regard to the execution of the assignment, the trip of Mr. Pine to Providence, and the failure to give notice, is reasonable under all the circumstances surrounding this transaction. On the other hand, the testimony introduced by the plaintiff and his chief witness, particularly in regard to what took place in New York while Miss Adams was conducting the settlement, leads the court to scrutinize with considerable care the evidence offered by them. While perhaps the plaintiff was acting within his strict legal rights, at the same time what was done in regard to the execution of the papers and the matter of the attachment, showed, to say the least, a lack of fairness and frankness, considering the fact that apparently the parties were supposed to be making a final adjustment of the whole matter.

After a careful consideration of all the evidence, the court finds that the assignment in question is bona fide and valid and not in any sense fraudulent.

The plaintiff argues in addition that, as a matter of law, even if the assignment in question was valid in Massachusetts, being between citizens

of that State, it does not necessarily follow that the courts of the forum, viz: this State, will of necessity recognize or enforce it, and he cites Hunt vs. Jones, 12 R. I. 265. After considering said case, the court, however, fails to see why the law of this State does not permit the enforcement of the assignment in question. No reason is advanced other than that of fraud, which the court believes is unsustained. It seems clear that the validity of the assignment should be determined by the law of Massachusetts.

Noble vs. Smith, 6 R. I. 446;

Northam vs. Cartwright & Co., 10 R. I. 19.

There is no question but what the assignment is sufficient in form and carries with it interests after acquired by the assignor. It is not a general assignment for the benefit of creditors but of a particular fund in trust and the assignor, according to the evidence, is solvent.

It would also appear that the assignment in question is supported by an adequate consideration. In the first place, the creditors accepted a 20% reduction in the amount of their rspective claims and also they collected and paid to the plaintiff herein the sum of $7,040.88 in cash for the purpose of effecting the settlement so that they might receive the remainder of the proceeds of the policy. Further, they released all claims they had against the plaintiff.

It would seem, therefore, that there could be no question but that the assignment to Mr. Tarr was made for ample consideration. The plaintiff also cites the cases of Wigery vs. Haskell, 5 Mass. 144, and Swan vs. Crafts, 124 Mass. 453, as Massachusetts cases affecting the validity of the assignment.

These cases hold in effect that in that State an assignment by a debtor in trust for certain creditors, without any consideration beyond the accept-

ance of the trust, is void as against other creditors non-assenting. This rule appears to be contrary to the weight of authority in this country and it seems a little uncertain whether it is at the present time law in Massachusetts or not, but in any event it appears to the court that it does not apply to the case at bar, because, in the first place, there was other consideration for the assignment beyond the mere acceptance of the trust, and, secondly, creditors whose claims aggregated more than the amount of the assignment assented thereto, certainly by implication if not directly.

It is clearly the law that mere preferring a creditor, at common law, is in no sense fraudulent, provided the assignor creates for himself no secret trust or benefit, and in this case it seems to the court that there is nothing to show that Mr. Pine, in making this assignment, secured to himself any such secret trust.

Banfield vs. Whipple, 14 Allen 13 (Mass.);

Cosmopolitan Trust Co. vs. S. L. Agoos Tanning Co., 245 Mass. 69;

Elliott vs. Benedict, 13 R. I. 463;

Perkins vs. Hutchinson, 17 R. I. 450;

Thayer vs. Cooper, 43 Atl. 536 (R. I.)

It is also unquestionably the law that the assignment was complete upon the act of the parties thereto and that notice gives the assignment no additional validity. The notice, apparently, is merely for the protection of the debtor.

Noble vs. Smith, supra;

Northam vs. Cartwright, supra;

Wakefield vs. Martin, 3 Mass. 558;

Thayer vs. Daniels, 113 Mass. 129.

In support of his contention that the assignment was fraudulent, and particularly in connection with the fact that Mr. Pine went to Providence and attempted to collect the funds in the hands of the Insurance Company,

the plaintiff has cited several Rhode Island cases to the court. There is no question but what such cases are sound law, but it appears to the court thaty they are based on facts distinguishable from those in the case at bar.

The court believes that the testimony in this case, as presented, does not show any intent on the part of Mr. Pine or the intervenor to defraud the plaintiff, and that no such intent can be reasonably inferred from the acts of the parties or the facts of the case itself. It is, of course, settled that the fact that an assignee permits an assignor to receive moneys assigned is a circumstance from which an inference of fraud can be drawn, but is equally clear that this in itself is not a conclusive presumption of fraud in law. and may be explained or rebutted, and it appears to the court that the facts in this case clearly explain or rebut such inference, if any there be.

See Abbott vs. Davidson, 18 R. I. 91;

Mead vs. Gardner, 13 R. I. 257;

Dolan vs. Hughes, 20 R. I. 513.

Finally, it seems clear that the burden of proving fraud is on the party claiming it, and that in this case the plaintiff who claims that the assignment, apparently valid on its face, is fraudulent, should sustain the burden of satisfying the court of that fact. This he has not done.

Elliott vs. Stoddard, 98 Mass. 145;

Hatch vs. Bayley, 12 Cushing 27 (Mass.)

Of course, the merits of the case itself are not now before the court. The plaintiff undoubtedly is entitled to present his testimony relating to what he claims is the mismanagement of his. vessel, the breach of the contract in regard thereto, and the changing of the contract, at the proper time and in the proper forum, and recover damages therefor if he is suc-

cessful. That, however, is in no way the issue before this court.

On all the evidence presented and on what the court believes to be the law applicable thereto, the court finds that the assignment in question is valid and bona fide and that it takes precedence over the plaintiff's attachment, and that, therefore, the intervenor, Frederick H. Tarr, as between the parties hereto, is entitled to the funds in the hands of the Providence Washington Insurance Company, and that said Insurance Company is discharged as garnishee. The motion of the claimant Tarr is therefore granted.

William M. P. Bowen for Plaintiff.

Edwards & Angell for Defendant.