## Heinrich Mette & Co. v. Walter S. Schell, Inc.

*Paul A. Kunkel,* for plaintiff.
*Metzger & Wickersham,* for defendant.

WICKERSHAM, J., August 5, 1940.—This case comes before us on plaintiff's motion for judgment for want of a sufficient affidavit of defense.

It appears from plaintiff's statement that its place of business is in Germany; that defendant's place of business is in this county; that in 1935 defendant purchased from plaintiff a certain quantity of onion sets for which it has not paid, for the recovery of which payment, in the sum of $179, suit was instituted to the above number and term.

In the affidavit of defense defendant denies admitting it owes plaintiff the sum of $179, and in defense of said claim alleges that, shortly before the time it ordered the onion sets from plaintiff, defendant had sent a certain amount of money to another citizen and resident of Germany to pay cash in advance for canaries to be shipped from Germany to defendant; that when the money of defendant arrived in Germany it was confiscated by the German Government and the canaries consequently were never shipped to defendant; that when defendant attempted to sue the canary dealer in the German courts it was not permitted to proceed with the suit by the laws of Germany because Germany will permit no money to be sent abroad; that defendant considered it unfair for plaintiff, who is a citizen and resident of Germany, to proceed in this court with the present suit until such time as the German Government again permits American citizens to sue and recover honest obligations in the German courts.

The motion for judgment for want of a sufficient affidavit of defense followed, in which it is alleged that defendant's reason for refusing to pay plaintiff's claim is invalid and illegal, and that defendant's contention is mere propaganda.

## Discussion

In support of plaintiff's claim, plaintiff's counsel directs our attention to the Act of May 31, 1870, 16 Stat. at L. 140, sec. 16, 8 U. S. C. §41, which provides:

"That all persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other;" and to article I, par. 3, of the Treaty of Friendship, Commerce and Consular Rights between the United States and Germany signed December 8, 1923, 44 Stat. at L. 2132, which provides:

"The nationals of each High Contracting Party shall enjoy freedom of access to the courts of justice of the other on conforming to the local laws, as well for the prosecution as for the defense of their rights, and in all degrees of jurisdiction established by law."

Defendant contends that so long as Germany denies to American citizens the right to sue for and recover money due American citizens from citizens of Germany we should apply the principle of comity, and deny to citizens and residents of Germany the right to use our courts in actions against our citizens residing here; or at least this right should be suspended until Germany again permits American citizens to recover from German citizens in the German courts. (Defendant's petition on the latter clause is pending.) Defendant does not ask to be excused from the payment of an obligation, but asks that the citizens of the German Government be told they will not be permitted to recover in suits here until such time as their government again permits suits by American citizens in the German courts against German citizens.

In McEwan v. Zimmer, 31 Am. Rep. 332, 335, Judge Cooley said, "True comity is equality; we should demand nothing more and concede nothing less."

In In re John L. Nelson & Bro. Co., 149 Fed. 590, 593, it was said that it is against the policy of any state to

grant to the citizens of any such jurisdiction a privilege from which its own citizens are debarred in that other jurisdiction; and that the general rule seems to be where no reciprocity is extended by the foreign state none is ordinarily granted in return. See Fisher v. Hyde, 3 Yeates 256, and Nixon v. Young, 2 Yeates 156, from which it appears that Pennsylvania courts have followed the rule just stated; and in Union Securities Co. et al. v. Adams et al., 33 Wyo. 45, 236 Pac. 513, the same rule was applied.

A case very similar to the one here under consideration was decided by the Court of Common Pleas No. 3 of Philadelphia County, June term, 1916, no. 1080, not reported, in an adjudication of the account of Martin, surviving trustee under a deed of trust of Sharp and Hartman to Price and Martin, dated January 23, 1888. The court there stated:

"So far as any funds directed to be distributed in accordance with this decree may be payable to persons residing in a foreign country, this order is suspended until it is ascertained and reported to this court that such foreign country is permitting payments under similar circumstances to be made to our citizens residing in our country from funds originating in such foreign country [Germany]."

We are of opinion, therefore, under the above authorities, that the affidavit of defense is sufficient for the time being, and plaintiff's motion for judgment for want of a sufficient affidavit of defense must be refused, at least until disposition of defendant's pending petition to suspend proceedings in this action until such time as the German Government again permits American citizens to sue and recover obligations in the German courts.

And now, August 5, 1940, it is ordered, adjudged, and decreed that plaintiff's motion for judgment for want of a sufficient affidavit of defense is refused.