### HINES & SMART CORP.
v.
### IMPERIAL COMMERCE CORP.
AND
### SAMUEL BLOOM d-b-a

### CROCKER and WINSOR TRUSTEE

(October 23 — November 25, 1959)

*Present:* Adlow, C. J., Gillen & Shamon, JJ.

Case tried to *Glynn, J.*

*Adlow, C. J.* On January 21, 1959 the plaintiff, a Boston corporation, brought suit by trustee process against the defendant corporation, naming a debtor of the defendant as trustee. The trustee answered funds in the amount of $915.32. On the same day that these proceedings were commenced the defendant made an assignment for the benefit of creditors in New York City to Henry Elkind of that city. Acting under the provisions of G. L. c. 246, §33, the assignee intervened in the cause before this court and filed a claim for the trusteed funds. While the writ appears to have been served on the trustee subsequent to the execution of the assignment, no issue was made of the fact, and it becomes immaterial by reason of the basic considerations determining the issue.

At the hearing on the claimant's petition the indenture purporting to be an assignment was offered in evidence. This indenture was in the usual form of a common law assignment. It did not bear the assent of a single creditor. On these facts the court refused to

rule that the assignee was entitled to the fund, and disallowed the claimant's petition.

We see no error in the court's ruling. It has long been the law in the Commonwealth that assignments for the benefit of creditors, executed out of state by non-residents, will be respected here as against the claims of attaching local creditors. *Means v. Hapgood,* 19 Pick. 105.

The true theory on which out of state assignments are recognized in Massachusetts derives from a basic principle that a contract, if valid where made, is enforceable in our courts. *Blanchard v. Russell,* 13 Mass. 1, 4; *Carnegie v. Morrison,* 2 Met. 381, 395; *May v. Breed,* 7 Cush. 15, 33. To this rule there is annexed, however, a limitation which applies equally to residents as non-residents; i.e. — that contracts against public policy will not be given effect by our courts. *Fuller v. Dame,* 18 Pick. 472. Under our decisions it has been repeatedly ruled that where a debtor is insolvent, any voluntary or gratuitous conveyance of his assets without an adequate consideration is void as against creditors. To confer validity on such a transfer it is essential that some or all the creditors join in the arrangement so that it appears that such assignment is accepted in payment or satisfaction by such creditors. *Russell v. Woodward,* 10 Pick. 407, 412; *Faulkner v. Hyman,* 142 Mass. 53, 54. Unless some or all of the creditors of the assignor assent to the arrangement, it lacks the element of mutuality essential to a binding contract. In the absence

of any assenting creditors the transaction amounts to nothing more than an act of the debtor which puts all his assents out of his own reach, without any assurance of advantage to himself, and resulting in great prejudice to his creditors. In the eyes of our law it is a fraudulent transfer which our courts will not recognize. *Ingraham v. Geyer,* 13 Mass. 146, 147; *Burlingame v. Bell,* 16 Mass. 317, 323.

Until such time as a creditor assents to a common law assignment, no part of the fund transferred to the assignee is exempted from attachment by non-assenting creditors. Where certain creditors do assent to the assignment the right of the assignee to hold the property is limited to an amount not exceeding the aggregate sum of the debts due to the creditors who have assented. In the event that any excess remains over the amount due to assenting creditors, the excess can be reached by attachment by any non-assenting creditors. *Edwards v. Mitchell,* 1 Gray 239, 241. In the assignment in issue not a single creditor assented to the transfer, and there can be no question of the creditor's right to secure his interest by proceeding as he did.

From the above considerations it would appear that an assignment made in Massachusetts which lacked any assenting creditors would be ineffectual against an attaching creditor. The same policy which denies validity to such an arrangement when made here will refuse validity to a similar arrangement when made out of state. *May v.*

*Wannemacher*, 111 Mass. 202, 208. Our rule applies equally to assignments wherever made, and is not designed to operate to the prejudice of non-resident assignees. Even though the assignment in issue was valid in New York, where it was executed, a policy against fraudulent transfers denies such an arrangement validity here. *Zipcey v. Thompson*, 1 Gray 243, 245; *Security Trust Co. v. Dodd*, 173 U.S. 625, 629.

*Report dismissed.*

Joseph Aborn of Boston, for the Plaintiff.

Ritvo, Gordon & Rosenberg of Boston, for the Claimant.